CRESSON $v.$ LOUISVILLE & N. R. Co.

(Division A.   March 6, 1933.   Suggestion of Error Overruled April 17, 1933.)

[146 So. 462.   No. 30446.]

**W. W. Stockstill** and **Robt. L. Genin,** both of Bay St. Louis, for appellant.

E. J. Gex, of Bay St. Louis, and Smith & Johnston, of Mobile, Alabama, for appellee.

Argued orally by **W. W. Stockstill** and **Robert L. Genin,** for appellant, and by **E. J. Gex,** for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellant instituted this suit in the circuit court of Hancock county, against the Louisville & Nashville Railroad Company, seeking to recover damages which the appellee was alleged to have caused to lands of the appellant by collecting and casting thereon a large and excessive volume of water from its own property. At the conclusion of the evidence, the court peremptorily instructed the jury to return a verdict in favor of the appellee; and, from the judgment entered in pursuance of this instruction, this appeal was prosecuted.

The evidence offered at the trial of the cause tended to prove the following facts: At the time of the alleged injury, and some time prior thereto, the appellant was in possession under color of title, claiming to be the owner of a certain lot of land located at the intersection of the right of way of the appellee railroad company and a street, known as Nicholson avenue, in the town of Waveland, Mississippi. Running along the western border and across the southwest corner, of appellant's land, is a flat ravine, or natural drain, which crosses the said avenue, but practically all of appellant's land lies between this ravine and the said right of way. For many years

prior to the injuries complained of, the appellee maintained a drainage ditch, about three feet wide and two feet deep, along this right of way. This ditch enters the appellant's property near the northeast corner thereof and runs diagonally across the same, intersecting the said ravine at or near the north line of Nicholson avenue. Many years ago the appellee made a large excavation about three-fourths of a mile northeast of appellant's property, which formed an artificial lake, and connected it by a drain or ditch with the said drainage ditch, which leads along the border of its right of way to and through appellant's property. Water was thereby collected and caused to flow from this excavation through this ditch, but not in such quantity as to cause overflows or any damage. Later, and some time prior to 1925, the appellee made another excavation, larger and much deeper than the first, and connected this with the ditch or drain leading from the first excavation to the ditch along the right of way. This excavation covered many acres of land, and collected a large volume of surface water from the natural drainage that had previously existed, and emptied this water into said drainage ditch in quantities greatly in excess of the capacity of the ditch, and greatly in excess of the quantities that had flowed therein before the second pit, or excavation, was made.

There is testimony to the effect that this second pit, or excavation, was completed, or dug to about its present size and depth, in the latter part of 1924 or the first part of 1925, and that the first, among the many overflows complained of, occurred in the spring of 1925, the testimony being that prior to that time this drainage ditch had never overflowed. There was also testimony to the effect that the drainage ditch through appellant's property has been greatly widened by the excessive amount of water caused to flow through it by the digging of the second pit; that appellant's property is now overflowed

every time there is a heavy rain; and that on one occasion the overflow was so great as to cause crossties and a telephone pole to be washed onto appellant's property. As to the damage, the testimony was to the effect that the surface of appellant's lot had been badly washed, and the foundations of the building thereon greatly damaged.

At the close of the appellant's evidence, the appellee moved the court to exclude the evidence and direct a verdict for it; and this motion was based on the following grounds:

"(1) The plaintiff had not proven title to the property at the time of the alleged damage.

"(2) Because it is not shown that the damage complained of was caused by anything that the railroad company did, but by an act of God, excessive rains and floods.

"(3) It is not shown by any testimony that any part of the alleged damage was done by the railroad company by any wrongful act; or what part, if any, was due to the railroad, and what part was due to natural drainage, and whether or not the railroad company's actions had anything to do with it.

"(4) Because the railroad company had the right by prescription through that ditch through a long period of years.

"(5) And because under the Mississippi law it is held that a person with an upper piece of ground has the right to drain through a natural drain into a lower piece of ground."

The appellant offered in evidence a deed purporting to convey to him the land in question, and proved actual possession thereof for a period of years prior to the institution of this suit. The deeds in evidence constituted at least color of title to the land, and this, together with the actual possession proved, was sufficient evidence of title to sustain the action. 40 Cyc. 668.

The second and third grounds of the motion to exclude

the evidence presented merely issues of fact, which, upon the evidence in this record, were properly determinable by the jury.

The evidence undoubtedly establishes that the appellee had acquired, by prescription, the right to use the artificial channel along its right of way and through the land of the appellant; but if it be conceded that this channel had existed under such circumstances and for such length of time that it would be treated for riparian purposes as though it were a natural channel or stream, as to which we express no opinion, still, even under the rule announced in Board of Drainage Commissioners v. Board of Drainage Commissioners, 130 Miss. 764, 95 So. 75, 28 A. L. R. 1250, the appellee would have no right to divert and collect surface waters from their natural drainage into a large lake, and discharge them therefrom into this channel in quantities largely in excess of its capacity, and thereby precipitate such surface waters onto the lands of a lower owner to his substantial damage. And, particularly would this be true where such waters were collected and precipitated on the lower owner in the accomplishment of purposes other than reasonable drainage in good husbandry. Upon the evidence, we think the cause should have been submitted to the jury under proper instructions; and, therefore, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.